UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, ) ) ) ) Plaintiff, ) ) v. ) ) BELINE TRANSPORTATION SERVICES, LLC, and GREGORY HIBBITTS, an individual, ) ) ) ) ) ) Defendants. ) | Civil action no.: |

**COMPLAINT**

Plaintiff, **Eugene Scalia**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants, **Beline Transportation Services, LLC** ( hereinafter "Beline") and **Gregory Hibbitts (**hereinafter "Hibbits")  (collectively hereinafter "defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), and to restrain defendants from any withholding of compensation found by the court to be due under the Act to employees.

**I**

Jurisdiction of this action is conferred upon the court by section 17 of the Act. 29 U.S.C. § 217.

**II**

A.      Defendant Beline is and, at all times hereinafter mentioned, was a Michigan corporation with an office and a place of business at 2969 Remico St., Wyoming, in Kent County MI 49519, within the jurisdiction of this court, and is and, at all times hereinafter mentioned, was engaged under the name and style of Beline Transportation Services, LLC, in the performance of delivering either construction materials or milk to customers and engaging in related types of activities.

B.      Defendant Hibbitts, an individual, has actively managed defendant Beline, continues to do so, and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendant in relation to its employees, including but not limited to both the determining of employees' rates of pay, hours, and locations at which employees performed work and the making of hiring and firing decisions. At all times hereinafter mentioned, defendants were engaged in business within Kent County, MI at 2969 Remico St., Wyoming, MI 4951, within the jurisdiction of this court.  Hibbitts acted directly or indirectly in the interest of Beline in relation to its employees and is an employer within the meaning of section 3(d) of the Act. 29 U.S.C. § 203(d).

**III**

Defendant Beline is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose and is, and at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act. 29 U.S.C. § 203(r).

**IV**

Defendant Beline at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that: i) said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and ii) said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s).

**V**

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid. 29 U.S.C. § 206. Specifically, from May 1, 2019 to September 5, 2019, defendants withheld from employee Colton Brower his last paycheck. Mr. Brower worked 36.5 hours during the pay period the check covered; thus, he is due $264.62 in unpaid minimum wage compensation.

**VI**

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act as aforesaid, for workweeks

longer than 40 hours, without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. 29 U.S.C. § 207. Specifically, from September 6, 2017 to September 5, 2019, defendants failed to compensate employee Leon Trotter at the proper overtime rate. As a result, defendants owe Mr. Trotter $2,393.14 in unpaid overtime compensation.

## VII

Defendants repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that: i) they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by defendants as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516; and ii) defendants' records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed. 29 U.S.C. § 211.

## VIII

During the period from September 6, 2017 to September 5, 2019, defendants repeatedly violated the aforesaid provisions of the Act. Section 17 of the Act expressly authorizes a judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act. 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from violating the provisions of sections 6, 7, 11, 15(a)(2) and 15(a)(5) of the Act, and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of minimum wage and overtime compensation found by the court to be due under the Act to the categories of employees referenced in Paragraphs V, VI, and VII above.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

 s/ Nicholas R. Flores
**NICHOLAS R. FLORES**
Attorney

**P.O. ADDRESS:**

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Telephone No.:  312/353-7836
Flores.Nicholas.R@dol.gov

Attorneys for **EUGENE SCALIA**,
Secretary of Labor, United States
Department of Labor, Plaintiff